UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHAKPREET SINGH<br>(A-Number: 201-685-003),<br><br>               Petitioner,<br><br>     v.<br><br>MINGA WOFFORD, Facility Administrator<br>of Mesa Verde Detention Center;<br>SERGIO ALBARRAN, Acting Field Office<br>Director of the San Francisco Immigration<br>and Customs Enforcement Office;<br>TODD LYONS, Acting Director of United<br>States Immigration and Customs<br>Enforcement;<br>KRISTI NOEM, Secretary of the United<br>States Department of Homeland Security;<br>PAMELA BONDI, Attorney General of the<br>United States, acting in their official<br>capacities,<br><br>              Respondents. | No.  1:26-cv-01161-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>BOND HEARING WITHIN FOURTEEN (14)<br>DAYS<br><br>Doc. 1 |

Petitioner Mehakpreet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claim two of the petition—that the Due Process Clause requires a bond hearing when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is then re-detained on the ground that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-

1

KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).  The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 6.

Respondents argue that this case is distinct from the Court's prior decisions.  They contend that, in addition to 8 U.S.C. § 1225(b)(2)(A), petitioner is subject to 8 U.S.C. § 1226(c)(1)(E) because he was arrested in October 2025 for felony grand theft and was arrested in December 2025 for receiving stolen property and possessing a stolen vehicle.  *See* Doc. 7.  Respondents' records show that petitioner was not in custody when he was detained by immigration authorities on January 15, 2026.  *See* Doc. 7-1 (noting petitioner was detained on January 15, 2025 by immigration authorities at a gas station); *see also* Doc. 1 at ¶¶ 4–5 (stating that petitioner was released by state authorities following his arrests).

Respondents concede that petitioner has not been convicted of a crime.  While they assert that the state charges remain pending, *see* Doc. 7 at 2, they provide no evidence of any such pending charges.  Doc. 7 at 2.  In contrast, petitioner presents evidence that no criminal charges are currently pending against him.  *See* Doc. 9, Exs. A, B.  Petitioner's verified petition also asserts that "all charges from both arrests were either removed by the court or dropped by the District Attorney."  Doc. 1 at ¶ 6.[1]

While section 1226(c)(1)(E) requires the detention of "any alien" who "is inadmissible

_____

[1] The online case portals for the superior courts in the counties where the arrests occurred appear to support petitioner's contention, as they do not reflect pending charges against petitioner.  *See* https://cap.sb-court.org/search/party (accessed April 8, 2026) (listing no pending charges based on search of petitioner's name); https://online.tulare.courts.ca.gov/?q=node/349 (accessed April 8, 2026) (listing no pending charges based on search of petitioner's name).  The Court takes judicial notice of these results under Federal Rule of Evidence 201(b).  *Cf. Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of online state court case dockets).

under" 8 U.S.C. § 1182(a)(6)(A)(i) and "is charged with, is arrested for, [or] is convicted of, . . . any . . . theft . . . offense[,]" 8 U.S.C. § 1226(c)(1)(E), courts have found that this provision ceases to apply when charges for a theft offense are dropped or dismissed. *See, e.g.*, *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *5–7 (S.D. Iowa Sept. 30, 2025); *Rueda Torres v. Francis*, 25 Civ. 8408, 2025 WL 3168759, at *5–6 (S.D.N.Y. Nov. 13, 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *12 (S.D.N.Y. Jan. 30, 2026). "After charges are dismissed, it is no longer accurate to say that a person 'is charged with' theft (present tense)." *Helbrum*, 2025 WL 2840273, at *1. The statute's "use of the present tense is conspicuous and important." *Id.* at *5 (citing *Stanley v. City of Sanford*, 145 S. Ct. 2058, 2063 (2025) ("'[T]o ascertain a statute's temporal reach,' this Court has 'frequently looked to Congress' choice of verb tense.")). "By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]" such as by a conviction. *Id.* at *5–6.

The Court finds this reasoning persuasive. As it appears that there are no longer any charges pending against petitioner, § 1226(c)(1)(E) does not presently govern his detention. Respondents do not identify any other factual distinctions between this case and the Court's prior decisions.[2] *See* Doc. 7.

As respondents have not identified any other factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025),

---

[2] Respondents also state that these arrests were "violations of his bond and conditions of release." Doc. 7 at 2. But the only documentation they provide which establishes any condition of release is a bond order by an immigration judge, and that order states only that petitioner must pay the $25,000 bond, live with a sponsor, and comply with any other "conditions ICE deems necessary." Doc. 7-2. Respondents do not provide any other documentation establishing a violation of petitioner's conditions of release.

and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[3]

Respondents are ORDERED to provide petitioner Mehakpreet Singh (A-Number: A-Number: 201-685-003) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate by clear and convincing evidence that petitioner is a flight risk or danger to the community.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Mesa Verde Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 10, 2026

UNITED STATES DISTRICT JUDGE

---

[3] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

4